UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES JOHNSON, | ) | Case No. 3:19-cv-0710 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| ED SHELDON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**OPINION AND ORDER**

Petitioner Charles Johnson, a prisoner in State custody, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Ed Sheldon, Warden of the Mansfield Correctional Institution, opposed the petition in his answer and return of writ. Petitioner filed a traverse in support to which Respondent replied. The Magistrate Judge recommends denying the petition, and Petitioner objects to that recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation, and **DENIES** and **DISMISSES** the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the report and recommendation, the Magistrate Judge set forth the history of this case. (ECF No. 12, PageID #795–98.) In short, after a trial in State court, a jury convicted Petitioner of murder with a firearm specification, but found him not guilty of aggravated murder. Petitioner unsuccessfully challenged his convictions through direct appeals in the Ohio courts. He is serving a sentence of eighteen years.

Petitioner originally raised two grounds for relief, but later withdrew his first claim. (ECF No. 10, PageID #786.) His remaining ground for relief is ineffective assistance of appellate counsel. (ECF No. 1, PageID #8.) The Magistrate Judge recommends that the Court deny Petitioner's claim as procedurally defaulted because he did not exhaust his State court remedies on the claim and has not demonstrated cause and prejudice to excuse the default, nor argued his actual innocence. (ECF No. 12, PageID #802, 806.) In any event, the Magistrate Judge also determined that Petitioner's claim lacks merit. (*Id.*, PageID #806–16.) Based on those findings, the Magistrate Judge also recommends that no certificate of appealability issue in this case because Petitioner "has not shown any unreasonable applications of clearly established federal law or any unreasonable determinations of facts." (*Id.*, PageID #817.)

Petitioner filed objections to the report and recommendation. (ECF No. 13.) Petitioner argues he has a constitutionally protected right to file his petition for writ of habeas corpus, contrary to the Magistrate Judge's conclusion, and that the Magistrate Judge erred in analyzing the merits of his claim. (*Id.*, PageID #823.) In response, Respondent argues Petitioner's objections should be denied as untimely and because they are too general and nonspecific. (ECF No. 14, PageID #829–31.)

## ANALYSIS

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. When reviewing a report and

recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it. Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Petitioner timely raises.

Under 28 U.S.C. § 636(b)(1)(C), a party has fourteen days to object after service of the report and recommendation. Service is complete by filing it with the Court's electronic-filing system. Fed. R. Civ. P. 5(b)(2)(E). As long as the party was properly informed of the consequences of failing to object, failing to file timely objections waives subsequent review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Here, Petitioner, through his counsel, was served with the report and recommendation when it was filed through the Court's electronic-filing system on July 28, 2020. Additionally, the report and recommendation itself advises that the parties had fourteen days after the date of service to submit objections and warned that failure to object "within the specified time may waive the right to appeal the District Court's order." (ECF No. 12, PageID #817.) Therefore, Petitioner was required to file objections by August 11, 2020. Because Petitioner did not file his objections until September 3, 2020, his objections were untimely. Accordingly, the Court determines that Petitioner has waived review of the report and recommendation. In any event, upon the Court's independent review of the Magistrate Judge's report and recommendation and the record, the Court discerns no federal constitutional error or violation that rises to the level Congress set in the Antiterrorism and Effective Death Penalty Act, codified at 28 U.S.C. § 2254, for granting a writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 13), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 12), and **DENIES** and **DISMISSES** the petition (ECF No. 1). Pursuant to 28 U.S.C. § 2253, the Court declines to exercise a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated: November 5, 2021

                                           J. Philip Calabrese
                                           United States District Judge
                                           Northern District of Ohio

5